David **ALBINO**, Plaintiff,

v.

The **UNITED STATES**, Defendant.

No. 09–888 C.

United States Court of Federal Claims.

July 8, 2010.

David Albino, Madison, WI, pro se.

James Robert Sweet, United States Department of Justice, Washington, DC, for defendant. Major Jennifer B. Bottoms, of counsel.

### RULING ON PLAINTIFF'S MOTIONS TO SUPPLEMENT THE ADMINISTRATIVE RECORD AND FOR PROTECTIVE ORDER, AND DEFENDANT'S MOTION TO STRIKE

SWEENEY, Judge.

Before the court are Plaintiff's Motion for Supplementation of the Administrative Record ("motion to supplement"), Defendant's Motion to Strike Plaintiff's First Amended Complaint ("motion to strike"), and Plaintiff's Motion for Protective Order of Medical Information Included in the Administrative Record ("motion for protective order"). For the reasons explained below, plaintiff's motion to supplement is denied, defendant's motion to strike is denied, and plaintiff's motion for protective order is granted. Furthermore, Defendant's Motion to Dismiss or, in the Alternative, for Judgment upon the Administrative Record ("motion to dismiss") is denied as moot, and Plaintiff's Cross–Motion for Judgment on the Administrative Record, Counter–Statement of Facts, and Objections and Responses to the Government's Statement of Facts ("cross-motion") is returned to plaintiff unfiled.

### I. FACTUAL BACKGROUND[1]

Plaintiff is a captain in the United States Army Reserve ("Army"), Judge Advocate General's Corps. Compl. ¶ 7. While serving in Iraq in 2004, plaintiff was tasked with arranging a conference for nongovernmental organizations ("NGOs"), during which he was recommended to serve as a liaison who would

---

1. These abbreviated facts are derived from the complaint ("Compl.") and exhibits appended thereto ("Compl. Ex.").

travel throughout Iraq and meet with Iraqi government officials to discuss issues related to internally displaced persons. *Id.* ¶¶ 10, 13. Thereafter, plaintiff was furnished conflicting instructions for briefing senior officers about movements within the Kurdish population throughout northern Iraq, *id.* ¶¶ 15–23, and he received a letter of reprimand for his alleged failure to brief his division and senior officers, *id.* ¶ 24.

On August 22, 2004, plaintiff was provided a copy of a July 1, 2004 Officer Evaluation Report ("OER") covering the period from December 1, 2003, to June 22, 2004. Compl. Ex. 12B. The "Performance and Potential Evaluation" portion of the OER detailed plaintiff's "Unsatisfactory Performance," indicating that he was "entrusted to coordinate two major efforts for the division," viz., arranging the conference for NGOs and briefing senior officers about movements within the Kurdish population, "required some assistance and, at times, repeated guidance," and was ultimately removed from the effort that required briefing of senior officers. *Id.* It also indicated that plaintiff, while "capable in his field of legal functions and [able to] perform[ ] adequately under supervision," nevertheless "possesse[d] a disposition to act independently of the chain of command and should not be advanced." *Id.* In the "Senior Rater" portion of the OER, plaintiff's performance was evaluated as "less than satisfactory." *Id.* Specifically, plaintiff "needed constant supervision," "ignored orders to coordinate the effort," and was "relieved of his duties." *Id.* Plaintiff was also critiqued for "stepping outside his assigned duties." *Id.* Consequently, plaintiff received a promotion potential rating of "Do Not Promote." *Id.; see also id.* ("Given his inability to follow orders and the requirement for constant supervision, do not retain in the United States Army.").

Plaintiff believed that he was evaluated by improper personnel, Compl. ¶¶ 32–33, and twice requested a Commander's Inquiry during the course of a two-year period, *id.* ¶¶ 34–36; Compl. Exs. C13–19. The OER ultimately became part of plaintiff's record in March 2006. Compl. ¶ 37. In October 2006, plaintiff, pursuant to Army Regulation 623–105, filed an appeal with the Officer Special Review Board ("OSRB"). *Id.* ¶¶ 42, 55. While plaintiff's appeal before the OSRB was pending, the Army, on January 27, 2007, completed an informal investigation pursuant to Army Regulation 15–6 ("AR 15–6 Investigation"), *id.* ¶ 43, and determined, among other things, that (1) plaintiff had been denied due process, and (2) the OER in question "seem[ed] to have been influenced by intense pressure" and "stem[med,] in part[,] from the confusion around whom, when and where was a Brief supposed to have been given," Compl. Ex. 23A. The AR 15–6 Investigation resulted in a recommendation that the OER be removed from plaintiff's records. Compl. ¶ 57; Compl. Ex. 23.

The OSRB denied plaintiff's appeal on February 5, 2008, Compl. ¶ 58, but directed that the OER be administratively corrected,[2] Compl. Ex. 24. On October 5, 2008, plaintiff submitted an application to the Army Board for Correction of Military Records ("ABCMR") requesting that the OER be removed from his record. Compl. ¶ 59; Compl. Ex. C. The ABCMR denied plaintiff's application on June 20, 2009. Compl. ¶ 59; Compl. Ex. B.

On December 28, 2009, plaintiff filed a complaint in the United States Court of Federal Claims ("Court of Federal Claims"). The complaint contains sixteen separate claims for relief, including that the ABCMR unlawfully failed to consider the AR 15–6 Investigation that recommended removal of the OER, Compl. ¶¶ 61–70, and deprived him of due process by subjecting him to a higher burden of proof, *id.* ¶¶ 72–75. Plaintiff requests that the court, among other things, set aside the ABCMR's decision, *id.* ¶ 198,

---

**2.** Specifically, the OSRB directed several changes to plaintiff's OER covering the period from December 1, 2003, to June 22, 2004, including the insertion of the comments "SM refused to sign" and "three future assignments: Int'l Law Officer, Bn SJA, Civil Affairs Team Legal Officer." Compl. Ex. 24. The OSRB not-

ed that promotion reconsideration was "not warranted" based upon these administrative changes to the OER in question and to those concerning a second OER. *Id.* Additionally, the OSRB did not consider the recommendations of the AR 15–6 Investigation because the investigation "had not been legally reviewed." Compl. Ex. 31.

order the removal of the OER and its replacement with a letter of official nonrated time, *id.* ¶ 199, and award back pay and allowances totaling $8,230, *id.* ¶ 203.

## II. PROCEDURAL HISTORY

Defendant filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC") on April 27, 2010. Alternatively, defendant moved, pursuant to RCFC 52.1, for judgment upon the administrative record.[3] Before briefing concluded on defendant's motion to dismiss, plaintiff filed an amended complaint and a motion to supplement.[4] In its May 28, 2010 order, the court stayed briefing on defendant's motion to dismiss until such time as it adjudicated plaintiff's motion to supplement. Thereafter, plaintiff submitted his cross-motion.

## III. PLAINTIFF'S MOTION TO SUPPLEMENT

Plaintiff requests that the court incorporate evidence into the administrative record that "was not part of the record that the Army certified on 25 February 2010." Pl.'s Mot. Supplementation Administrative R. 1. Specifically, plaintiff requests that the following documents be incorporated into the administrative record: (1) a January 2009 OER covering the period from April 8, 2008, to November 21, 2008, which described plaintiff as, among other things, an "excellent staff judge advocate" who "helped enhance Iraqi Police investigative training and legal training," recommended immediate promotion, and evaluated plaintiff's promotion potential as "Best Qualified"; (2) an April 2009 OER covering the period from November 22, 2008, to April 21, 2009, which described plaintiff as, among other things, "a multi-talented individual with a breadth of knowledge in comparative international and business law" who "exceeded all expectations while serving in a challenging and demanding brigade-level position," indicated that the "best interests of the Army will be served by promoting [plaintiff] to Major immediately," and evaluated

plaintiff's promotion potential as "Best Qualified"; (3) a facsimile of The Meritorious Service Medal awarded to plaintiff on February 18, 2009, for his service during the period from June 14, 2008, to April 21, 2009; (4) plaintiff's Release from Active Duty order; (5) a memorandum concerning promotion and selective continuation nonselection; and (6) plaintiff's chronological statement of retirement points. According to plaintiff, the proffered evidence predates the ABCMR's decision and was not part of the record before the ABCMR, *id.; accord* Resp. Gov't's Opp'n Mot. Supplement ("Pl.'s Reply") 2–4. Defendant, however, objects to supplementation of the administrative record because "these documents were not a part of Captain Albino's Official Military Personnel File . . . considered by [the] ABCMR." Def.'s Opp'n Mot. Supplement ("Def.'s Opp'n") 1.

 Judicial review of military correction boards is conducted under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706 (2006), and such review is generally limited to the administrative record. *Walls v. United States,* 582 F.3d 1358, 1367 (Fed.Cir.2009); *see also Metz v. United States,* 466 F.3d 991, 998 (Fed.Cir.2006) (indicating that review of military correction board decisions is conducted "under the same standard as any other agency action"). The parties' ability to supplement the administrative record is limited, and the United States Court of Appeals for the Federal Circuit ("Federal Circuit") has instructed that supplementation of the administrative record is appropriate "only if the existing record is insufficient to permit meaningful review consistent with the APA. . . ." *Axiom Res. Mgmt., Inc. v. United States,* 564 F.3d 1374, 1381 (Fed.Cir.2009); *see also id.* at 1380 (explaining that supplementation of the administrative record "should be limited to cases in which 'the omission of extra-record evidence precludes effective judicial review' " (quoting *Murakami v. United States,* 46 Fed. Cl. 731, 735 (2000), *aff'd,* 398 F.3d 1342 (Fed. Cir.2005))). Accordingly, the agency-assem-

---

**3.** A certified copy of the administrative record was filed with defendant's motion to dismiss.

**4.** Plaintiff filed his amended complaint on May 17, 2010, and his motion to supplement on May 24, 2010.

bled administrative record should remain the focus of judicial review of agency action. *Id.* at 1381.

■ Review of the ABCMR's decision must be limited to the administrative record. *Metz*, 466 F.3d at 998. Plaintiff, however, asserts that his proffered evidence was not considered by the ABCMR. Moreover, plaintiff questions the accuracy of the record that was before the ABCMR:

> [T]he Army certified the record to the Court on February 25, 2010[,] stating that it was the "true and accurate copies of files pertaining to David Albino, a member of the United States Army Reserve." Nowhere does the certification state that it was a true and accurate copy of the record before the ABCMR, or the record as of a date other than February 25, 2010.

Pl.'s Reply 3. Defendant contends that the proffered evidence is irrelevant. Def.'s Opp'n 1 n. 1.

■ Notwithstanding plaintiff's contentions that the record before the ABCMR was potentially incomplete and that evidence may not have been considered by the ABCMR, the court declines to supplement the administrative record with plaintiff's proffered evidence. An incomplete administrative record is a legitimate concern, but it is inappropriate for this court to consider such evidence in the first instance. *See Riser v. United States*, 93 Fed.Cl. 212, 217 (Fed.Cl.2010) (noting that it is "not appropriate for this court now to supplement the record with materials that were not available to the [ABCMR]"). "The focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court," *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743, 105 S.Ct. 1598, 84 L.Ed.2d 643 (1985), and the court cannot conduct a proper APA review of the ABCMR's decision based upon evidence that

was not before the ABCMR. Indeed, the court "is not generally empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry. . . ." *Id.* at 744, 105 S.Ct. 1598. Accordingly, plaintiff's motion to supplement must be denied.

■ To the extent that evidence may not have been—or, in fact, was not—considered below by the ABCMR, the "proper course . . . is to remand to the agency for additional investigation or explanation." *Id.* The Tucker Act authorizes the court to "remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just." 28 U.S.C. § 1491(a)(2) (2006). Since the ABCMR should have an opportunity to evaluate plaintiff's evidence, all of which should have been previously included in the record, this case shall be remanded to the ABCMR pursuant to RCFC 52.2(a).[5] Upon consideration of plaintiff's evidence, the ABCMR shall issue a new decision in connection with plaintiff's application for relief. *See* RCFC 52.2(b).

## IV. DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT

In its motion to strike, defendant asserts that plaintiff failed to comply with RCFC 15 because he did not obtain defendant's consent or leave of the court before filing his amended complaint. Def.'s Mot. Strike Pl.'s First Am. Compl. ("Def.'s Mot.") 1; *accord* Def.'s Reply Pl.'s Resp. Mot. 1. Defendant also contends that plaintiff's amended complaint does not cure the jurisdictional defects inherent in his original complaint. Def.'s Mot. 1. Consequently, defendant asserts, justice does not require the amendment. *Id.* Defendant, however, invokes a version of RCFC 15(a) that has since been amended.[6] As amended, RCFC 15(a) provides:

---

**5.** Defendant asserts that the proffered evidence postdates the OSRB decision "from which [plaintiff] appeals" and his ABCMR application. Def.'s Opp'n 1. However, plaintiff appeals the decision of the ABCMR, not the OSRB decision. *See* Compl. ¶ 1 ("This action challenges the [ABCMR] 20 June 2009 Final Decision. . . ."). Thus, it is immaterial that plaintiff's proffered evidence postdates his application to the ABCMR. The

ABCMR's decision was issued in June 2009, and it is unclear why the record below was not supplemented with evidence that was available while plaintiff's application was pending before the ABCMR.

**6.** The Court of Federal Claims may adopt and amend its rules in accordance with RCFC 83(a), and a rule "takes effect on the date specified by

(1) *Amending as a Matter of Course.* A party may amend its pleadings once as a matter of course within:

 (A) 21 days after service; or

 (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading *or 21 days after service of a motion under RCFC 12(b), (e), or (f), whichever is earlier.*

(2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

RCFC 15(a)(1)-(2) (emphasis added).

RCFC 15 is modeled after Rule 15(a) of the Federal Rules of Civil Procedure ("FRCP"), which were amended in 2009.[7] Under former FRCP 15(a), upon which former RCFC 15(a) was modeled, service of a motion attacking the pleading did not terminate the right to amend because a motion was not a "pleading" as defined in FRCP 7. *See* FRCP 15, 2009 Rules Committee Note. Under amended FRCP 15(a), the right to amend terminates twenty-one days after service of a motion under FRCP 12(b), (e), or (f). *Id.* The time limitation set forth in FRCP 15(a)(1)(B) "force[s] the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion." *Id.*

■■■ Defendant filed its RCFC 12(b) motion on April 27, 2010. Plaintiff was permitted to file an amended complaint once as a matter of course by no later than May 21, 2010. *See* RCFC 5(b)(2)(C); RCFC 6(a)(1), (d). As noted above, plaintiff filed his amended complaint on May 17, 2010. Plaintiff's amended complaint was timely, and defendant's motion to strike is therefore denied.

## V. PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

■■■ Plaintiff also moves the court for a protective order that redacts from public view those portions of the administrative record that contain his medical information. *See* Administrative R. 264–78, 298–310, 335–36. Plaintiff notes that this is not a disability case. Defendant did not respond to plaintiff's motion for protective order.

The medical information that appears in the administrative record includes various laboratory and cardiopulmonary test results, physician notes, and other materials related to plaintiff's medical history. The Federal Circuit has recognized a presumption of public access to judicial records, but has also indicated that a court "must balance the privacy interests of the parties against the public interest in access to the . . . information." *Baystate Techs., Inc. v. Bowers,* 283 Fed. Appx. 808, 810 (Fed.Cir.2008) (unpublished table decision) (discussing access to discovery information and citing *Siedle v. Putnam Investments, Inc.,* 147 F.3d 7, 9 (1st Cir.1998)). Although "[t]here is little probability that the public, at large, or others, in particular, have any interest in [plaintiff's] medical history," *Prestex, Inc. v. United States,* 4 Cl.Ct. 317, 318 n. 1 (1984) (denying a motion for protective order to seal medical information), plaintiff's privacy interest in maintaining the confidentiality of his medical records outweighs

---

the court and remains in effect unless amended by the court." RCFC 83(a). Pursuant to RCFC 86,

 [t]hese rules and any subsequent amendments are applicable to all proceedings pending at the time of the adoption of the revision or amendment or thereafter filed, except to the extent that the court determines that their application to a pending action would not be feasible or would work injustice, in which event the former procedure applies.

In this case, the court finds that application of the amended RCFC, which became effective on January 11, 2010, does not prejudice either party in these proceedings. Although plaintiff filed his original complaint on December 28, 2009, defen-

dant, after requesting and receiving an enlargement of time to respond to the complaint, filed its motion to dismiss pursuant to RCFC 12(b) on April 27, 2010, over three months after the amendments became effective. Defendant has proffered no reason why the court should apply the former rules in this case.

7. The court's analysis is guided by the case law construing both FRCP 15 and RCFC 15. *See* RCFC, 2002 Rules Committee Note at 1 ("[I]nterpretation of the court's rules will be guided by the case law and the Advisory Committee Notes that accompany the Federal Rules of Civil Procedure.").

the public interest in accessing that information, particularly in a case that does not require consideration of medical records. As such, plaintiff's medical information should remain confidential. *See Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978) (recognizing that "[e]very court has supervisory power over its own records and files"). Accordingly, plaintiff's motion for protective order is granted.[8]

## VI. CONCLUSION

For the reasons stated above, it is hereby **ORDERED:**

1. Plaintiff's motion to supplement is **DENIED.** This case shall be **REMANDED** to the ABCMR for a period not to exceed six months, during which time the ABCMR shall consider plaintiff's new evidence in connection with plaintiff's application for relief and issue a new decision.

2. Proceedings before the court are **STAYED** through **Friday, December 17, 2010.** The parties shall file joint status reports indicating the status of proceedings before the ABCMR on or before **Friday, August 27, 2010,** and **Friday, October 29, 2010.**

3. Defendant's motion to strike is **DENIED.**

4. In light of the filing of plaintiff's amended complaint and the instant ruling, defendant's motion to dismiss is **DENIED AS MOOT.** The court shall set a deadline for defendant to respond to the amended complaint once proceedings before the ABCMR are completed and the stay is lifted.

5. Plaintiff's motion for protective order is **GRANTED.** The Clerk of Court shall place under seal the agency-assembled administrative record.

6. Plaintiff's cross-motion is premature in light of the court's May 28, 2010 order and the instant ruling. Therefore, the Clerk of

Court is directed to return to plaintiff his unfiled cross-motion dated May 28, 2010.

---

8. Although plaintiff's motion for protective order addresses his medical records, the Clerk of Court is unable to seal selected portions of the administrative record in this case. Therefore, the entire administrative record shall be placed under seal.

Defendant is advised to redact plaintiff's confidential medical information from the administrative record that it may file after proceedings before the ABCMR are completed and the stay is lifted.